# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FORREST CRAIG MCCONLEY,**

   **Plaintiff,**

**vs.**                                        **Case No. 4:24cv484-MW-MAF**

**WELLS FARGO BANK, N.A.**
**WELLS FARGO CLEARING**
**SERVICES, LLC, d/b/a WELLS**
**FARGO ADVISORS, LLC,**

   **Defendants.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, who is pro se in this action, filed an amended complaint.

ECF No. 24.  Plaintiff paid the filing fee for this case.  ECF No. 3.

Defendant Wells Fargo Bank, N.A., filed a motion to dismiss, ECF No. 28,

and the remaining two Defendants filed a separate motion to dismiss, ECF

No. 31.  Plaintiff filed an omnibus response in opposition to both of the

motions to dismiss.  ECF No. 35.  The motions are ready for a ruling.

**Allegations of the Amended Complaint, ECF No. 24**

Plaintiff is an architect and general contractor.  ECF No. 24 at 2.  He contends that in March of 2015, Wells Fargo Bank, N.A. [hereafter "Bank"] created a "command account" using Plaintiff's personal and corporate profile (Pawnee Properties, LLC).  *Id.* at 4.  The account was allegedly fraudulently created in Plaintiff's name "to portray a banking relationship with Plaintiff to defraud potential investors."  *Id.* at 4-5.  The "command account" was then used by Wells Fargo Advisors to open a fraudulent "trading account."  *Id.* at 5.  Plaintiff says that those actions were taken without his "authorization or knowledge" and resulted in defrauding multiple investors of millions of dollars.  *Id.*  Plaintiff contends that the Bank utilized a "forged signature" to create the account and Plaintiff was unaware of the account's existence.  *Id.* at 5-6.

At some point near "the end of 2015," the Bank's compliance officer "red-flagged" the accounts and ordered the closing of all accounts in Plaintiff's name, "but not until the damage was already done to Plaintiff." *Id.* at 6.  Plaintiff contends he was never contacted or made aware of the issue by the compliance department.  *Id.*

As a result of those events, "Plaintiff was reported on various national and international banking systems, including but not limited to Global Security and CHEXsystems which caused Plaintiff's banking relationships to be terminated at all levels, locally and internationally."  ECF No. 24 at 6-7.  In addition, Bank of America canceled all of Plaintiff's credit lines, credit cards, lines of credit, recalled his mortgage, and closed all savings and checking accounts.  *Id.* at 7.  "American Express also closed all credit accounts, and saving and load accounts."  *Id.*  "Tallahassee State Bank also closed all it's similar related accounts."  *Id.*  Plaintiff claims he could not establish new banking relationship and was unable to function as an architect or general contractor.  *Id.*  Plaintiff alleged suffering "extensive injuries," *id.* at 7, and said his personal and professional reputations were "totally destroyed."  *Id.* at 8.  One identified harm was the cancellation of development projects, including "The Legacy Hills Project" in Bulgaria[1] which "was valued and approved for $120 million."  *Id.* at 7-8.  Plaintiff said he "was unable to salvage any current or immediate future contracts."  *Id.* at 7.

---

[1] Contrary to that allegation, the initial complaint alleged that Plaintiff lost the right to build the "American English Academy" in Sofia, Bulgaria.  ECF No. 1 at 4.

Importantly, Plaintiff acknowledges that his claims "arise under" a theory of respondeat superior liability or vicarious liability. *Id.* at 3. He alleged that because of the Defendants' "action and/or inaction," he suffered injury in the loss of over $100,000,000.00 in "present and future income." *Id.* at 4. Plaintiff attributes the "brazen acts of fraud, theft, and negligence" to "systemic defects" in the way the Defendants "manage, train, supervise, hire, reward, and punish their employees." *Id.* at 8-9.

The amended complaint asserts the following claims: (1) Count I - identity theft; (2) Count II - negligent failure to warn; (3) Count III - negligent training; (4) Count IV - intentional mental distress; (5) Count V - intentional infliction of emotional distress; and (6) Count VI - defamation. *Id.* at 10-15. As relief, Plaintiff seeks $100,000,000.00 in compensatory as well as punitive damages, and "lost wages." *Id.* at 17.

Finally, it appears that Plaintiff was anticipating a statute of limitations defense[2] as Plaintiff alleged that testimony during a court proceeding on April 25, 2022, revealed information about Plaintiff's personal and business profile and the Wells Fargo accounts. *Id.* at 15-16. A year later, on April

---

[2] Plaintiff requested permission to amend his original complaint after Defendant Wells Fargo Advisors filed a motion to dismiss, ECF No. 16. ECF No. 22. That motion to dismiss, however, did not argue the statute of limitations defense.

27, 2023, Defendants provided account information to Plaintiff, which Plaintiff alleged he did not fully understand until he consulted with "a few" attorneys on August 12, 2024.  *Id.* at 16.

**Standard of Review**

Both motions to dismiss were filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  ECF Nos. 28, 31.  In ruling on a Rule 12(b)(6) motion, the Court must determine whether a complaint alleges "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Detailed factual allegations are not required, but Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65.  Furthermore, the facts of a well-pleaded complaint must be accepted as true and the case should proceed even if it appears "that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  550 U.S. at 556, 127 S. Ct. at 1965 (citations omitted).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534

U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s

simplified pleading standard applies to all civil actions, with limited

exceptions.").  Pro se complaints are held to less stringent standards than

those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th

Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594,

596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide

sufficient notice of the claim and the grounds upon which it rests so that a

"largely groundless claim" does not proceed through discovery and "take

up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)

(quoted in Twombly, 550 U.S. at 558).  In other words, a motion to dismiss

considers the legal sufficiency of a complaint, but does not determine

whether the Plaintiff will ultimately prevail.  Swierkiewicz v. Sorema N. A.,

534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002) (citing to

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90

(1974)).

The motion to dismiss filed by the Bank raises three grounds for

dismissal: time barred, fails to state a claim, and lack of standing.  ECF No.

28 at 1.  The motion to dismiss filed by the other two Wells Fargo Defendants raises the same three arguments.  ECF No. 31 at 1.  The motions will be considered together.[3]

## Statute of Limitations

Defendants contend that all six of Plaintiff's claims are barred by the statute of limitations.  ECF Nos. 28, 31.  Defendants point out that all of the alleged wrongful actions occurred in 2015.  ECF No. 28 at 4; ECF No. 31 at 3.  As alleged, the fraudulently opened accounts were closed by the end of 2015, and Plaintiff alleged that as a result of the events alleged, his banking relationships were all terminated and he suffered the destruction of his personal and professional reputation.  *Id.*  Defendants highlight the fact that Plaintiff alleged that when the accounts were closed in late 2015, "the

---

[3] There is no need to consider the background information provided by Defendants at length.  ECF No. 31 at 2-5.  It is sufficient to note that Plaintiff's son, Benjamin McConley, was convicted of wire fraud in the Southern District of Florida.  *See* case number 19-CR-20447.  *Id.* at 2.  Defendants point out that the initial complaint, ECF No. 1, alleged that "Plaintiff's son was arrested for fraud partially arising out of" the Wells Fargo transactions.  ECF No. 1 at 4.  Further, Plaintiff alleged that Wells Fargo accounts were opened in the name of Pawnee Properties LLC, which was Plaintiff's company, without Plaintiff's knowledge.  Plaintiff's son, Benjamin McConley, was assisted by the actions of Francesco Traina, an agent of Wells Fargo Advisors, and Benjamin Rafael, an agent of Wells Fargo Bank, N.A.  *Id.* at 2-3; *see also* ECF No. 35 at 12-13.  Judicial notice is taken that Benjamin McConley entered a plea agreement in October of 2019.  *See* ECF No. 49 of case # 1:19-cr-20447.  Judgment was entered on September 14, 2021.  ECF No. 158 of case # 1:19-cr-20447.

damage was already done to Plaintiff."  ECF No. 31 at 3; ECF No. 28 at 8.

Thus, Defendants argue that the statute of limitations began to run in 2015.

ECF No. 28 at 8; ECF No. 31 at 8-10.

In response, Plaintiff argues that all of his claims are "fraud-based

claims," and that the "delayed discovery doctrine" applies.  ECF No. 35 at

6.  According to Plaintiff, the statute of limitations for fraud claims does not

begin to run until "the facts giving rise to the cause of actions were

discovered or should have been discovered with exercise of due diligence."

*Id.* (quoting FLA. STAT. § 95.031(2)(a)).  Plaintiff contends that he did not

discover the fraud until April 2022[4] and then did not "obtain conclusive

evidence from Wells Fargo until 2023."  *Id.* at 7.  He also argues that the

issue of when he knew of his injury "is a factual dispute inappropriate for

resolution on a Rule 12(b)(6) motion."  *Id.* (citing to Bryant v. Avado

Brands, Inc., 187 F.3d 1271 (11th Cir. 1999).

The Defendant Bank anticipated Plaintiff's argument in the motion to

dismiss and pointed to cases which hold that the "delayed discovery

---

[4] Plaintiff said he learned of Defendants' wrongdoings in a "court proceeding" in Apil 2022.  ECF No. 35 at 5, 7, and 9.

Case No. 4:24cv484-MW-MAF

doctrine" does not apply to his claims.  ECF No. 28 at 7-11.  All cases have been reviewed in light of the parties' arguments.

### A.  Count I

Count I of the amended complaint presented a claim for "identity theft."  ECF No. 24 at 10.  Plaintiff claimed there was a conspiracy with representatives of Wells Fargo Bank and Wells Fargo Advisors to use his identity - both his personal profile and his corporate profile - to commit "civil theft."  *Id.* at 10-11.  Plaintiff referenced this claim alternatively as "civil theft" and as "identity theft," but the claim was titled as "identity theft."  *Id.*

Defendants argue there is no recognized civil cause of action in Florida for "identity theft."  ECF No. 31 at 8, 17-18.  The Court's own independent research has not identified a valid civil claim for identity theft either.  Indeed, courts have rejected such claims.  Deligdish v. Gerrell, No. 05-2022-CA-042209-XXXX-XX, 2024 WL 4204376, at *2 (Fla.Cir.Ct. July 21, 2024) (noting "there is no cause of action for identity theft in Florida created by Fla. Stat. § 817.568 or Fla Stat. § 817.569"); Hall v. Cooks, 346 So. 3d 183, 189 (Fla. Dist. Ct. App. 2022) ("Criminal statutes by themselves do not authorize civil enforcement unless a civil remedy is made available").  Even if Plaintiff had presented this claim as an identity

theft claim under federal law, there is no such cause of action.  Kral v. Avery, No. 3:23-CV-1033-MMH-PDB, 2023 WL 8006536, at *2 (M.D. Fla. Oct. 30, 2023), report and recommendation adopted, No. 3:23-CV-1033-MMH-PDB, 2023 WL 8004565 (M.D. Fla. Nov. 17, 2023) (noting that "[t]he federal statute criminalizing identity theft, 18 U.S.C. § 1028, provides no civil cause of action or remedy" and citing to Razzi v. Nimler, No. 5:14-cv-447-Oc-22PRL, 2014 WL 5038337, at *3 (M.D. Fla. Oct. 8, 2014) ("The federal identity theft statute ... is criminal in nature and provides no civil cause of action or civil remedy."); Hernandez v. Doe, No. 16-CV-2375, 2016 WL 4995231, at *2 (E.D.N.Y. Sept. 18, 2016) (observing that the federal identity theft statute "is purely criminal in nature and creates no private right of action")).  Thus, construing Plaintiff's amended complaint liberally as the Court is required to do in ruling on a motion to dismiss, the most applicable cause of action is Plaintiff's incorporated assertion of a claim for "civil theft" based on the unauthorized use of his identity.[5]  Both Defendants construe the claim as one for civil theft.

---

[5] In responding to the motions to dismiss, Plaintiff argued that "Count 1 alleges Conspiracy to Commit Fraud, Identity Theft, and Aiding and Abetting Fraud."  ECF No. 35 at 13.  That is not correct and the argument should be rejected.  Plaintiff's claim in Count I alleged a "[c]onspiracy to commit identity theft, negligent misrepresentation," but it did not allege fraud.  See ECF No. 24 at 10-11.

Defendants have shown that the statute of limitations for civil theft is five years.  ECF No. 28 at 7 (citing FLA. STAT. § 772.17);[6] ECF No. 31 at 9. Further, the Defendant Bank argued that the "delayed discovery doctrine does not apply to a civil theft claim."  ECF No. 28 at 7 (citing to Laterza v. JPMorgan Chase Bank, N.A., 221 F. Supp. 3d 1347, 1352 (S.D. Fla. 2016), and Deepgulf, Inc. v. Moszkowski, No. 3:18cv1466-TKW-MJF, 2020 WL 4577716, at *4 (N.D. Fla. Jan. 27, 2020)).

In response, Plaintiff asserts that Defendants mis-characterized his claim.   ECF No. 35 at 13.  He contends that his claims are "fraud-based" claims that are not time barred.  Id. at 6.  While acknowledging a four year limitations for fraud claims, Plaintiff contends that the clock did not begin to run until he "discovered the fraud during sworn testimony in April 2022 and didn't obtain conclusive evidence from Wells Fargo until 2023."  Id. at 6-7.

In Laterza v. JPMorgan Chase Bank, the plaintiffs sought to hold Chase Bank "liable for wrongful compliance with a search warrant." Laterza, 221 F. Supp. 3d at 1349.  The bank complied with the search warrant on February 23, 2011, and identified six accounts which led to the

---

[6] That statute provides that "a civil action or proceeding under this chapter may be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues."  FLA. STAT. § 772.17.

seizure of all money in the accounts.  221 F. Supp. 3d at 1349, 1352.  The lawsuit was not filed until May 20, 2016, over five years later, asserting claims "for breach of contract, breach of implied-in-fact contract, breach of fiduciary duty, civil conspiracy, negligence, and civil theft."  221 F. Supp. 3d at 1349-50, 1352.  *Id.*

One defense raised was that plaintiffs' claims - including the civil theft claim - was barred by the statute of limitations.  The bank argued that the last element accrued when plaintiffs were damaged, but plaintiffs relied on "the delayed discovery doctrine" to argue that "the statute of limitations did not begin to run until they discovered their damages in late September 2015."  221 F. Supp. 3d at 1351.  The district court rejected plaintiffs' argument, pointing to FLA. STAT. § 95.031(1), which provides two relevant statements.  First, it says that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues."  FLA. STAT. § 95.031.  Second, the statute says that "[a] cause of action accrues when the last element constituting the cause of action occurs."  FLA. STAT. § 95.031(1).  The court held that under Florida law, "the delayed discovery doctrine only extends limitations 'in cases of fraud, products liability, professional and medical malpractice, and

intentional torts based on abuse.'"  Laterza, 221 F. Supp. 3d at 1351

(quoting Davis v. Monahan, 832 So.2d 708, 709-10 (Fla. 2002)).

The Florida Supreme Court's decision in Davis v. Monahan

considered the claims of an elderly woman with dementia who brought suit

against her sister and niece for "breach of fiduciary duty, civil theft,

conspiracy, conversion, and unjust enrichment, arising from the wrongful

taking of cash, stocks, bonds, interest, dividends, and pension and social

security payments."  Davis, 832 So. 2d at 708-09.  The issue was whether

the delayed discovery doctrine applied to plaintiff's claims.  *Id.* at 709.  The

Court held that plaintiff's claims were barred by the statute of limitations

because she had not alleged fraud, nor did she specifically allege that the

defendants' actions caused her "delayed discovery."  *Id.* at 712.  The Court

emphasized that "the Florida statutory scheme does not allow for the

delayed discovery rule in this particular type of case."  *Id.*

> Under Florida law, a cause of action accrues or begins to run
> when the last element of the cause of action occurs. An
> exception is made for claims of fraud, products liability,
> professional and medical malpractice, and intentional torts
> based on abuse, in which the accrual of the causes of action is
> delayed until the plaintiff either knows or should know that the
> last element of the cause of action occurred. *Davis v. Monahan*,
> 832 So.2d 708, 709 (Fla.2002). Aside from those specified
> causes of action, "there is no other statutory basis for the

> delayed discovery rule." *Id.* at 710. The Supreme Court of
> Florida has declined to extend the delayed discovery doctrine
> beyond these statutorily-prescribed exceptions. *Id.*

In re Kindred, No. 6:08-BK-02334-KSJ, 2009 WL 1788401, at *4 (Bankr.

M.D. Fla. June 5, 2009) (explaining Davis).

Here, Plaintiff did not assert a claim for fraud against the Defendants.

Plaintiff's claim is for civil theft. Thus, regardless of when Plaintiff contends

he became aware of the basis for this claim, it accrued in 2015 when the

events at issue allegedly took place and he suffered damages. Deepgulf,

2020 WL 4577716, at *4 ("under Florida law, the delayed discovery rule

does not apply to claims for civil theft and conversion"). Plaintiff did not

initiate this case until December of 2024. ECF No. 1. Therefore, the

motions to dismiss Count I should be granted on the basis of the statute of

limitations.

As an additional note, Plaintiff's civil theft claim could not proceed

anyway. A condition precedent to bringing an action for civil theft is that

the plaintiff "must make a written demand for $200 or the treble damage

amount of the person liable for damages under this section." FLA. STAT. §

772.11(1). Defendants state that Plaintiff made no such demand prior to

filing this lawsuit. ECF No. 28 at 15; ECF No. 31 at 18-19. Plaintiff did not

address that issue in his response.  ECF No. 35.  His silence is telling.

Because of Defendant's specific averment that Plaintiff had not complied

with the required written demand requirement, Plaintiff was required to

specifically demonstrate such compliance.  Regardless of the statute of

limitations, Count I of the amended complaint could also be dismissed for

failure to make a pre-suit written demand as required by § 772.11(a).

### B.  Counts II and III

Count II of the amended complaint presented a claim for "negligent

failure to warn."  ECF No. 24 at 11.  It's based on Plaintiff's contention that

Defendant's "Compliance Department . . . never requested" Plaintiff

personally appear at least once at the bank, did not verify "why multiple

large deposits were made," and never contacted him.  ECF No. 24 at 11-

12.  Count III asserted a claim for "negligent training of personnel."  *Id.* at

12.  Plaintiff claimed that proper training of Defendants' personnel could

have mitigated Plaintiff's injuries.  *Id.* at 14.

Defendants argue that both of these negligence based claims are

barred by the statute of limitations.  ECF No. 28 at 9-10; ECF No. 31 at 10.

That is because a cause of action for negligence accrues when the last

element of the claim is complete.  ECF No. 31 at 10; ECF No. 28 at 9; *see*

*also* in FLA. STAT. § 95.031(1) (stating that "[a] cause of action accrues when the last element constituting the cause of action occurs") (quoted in R.R. v. New Life Cmty. Church of CMA, Inc., 303 So. 3d 916, 921 (Fla. 2020)).  "The last element of a cause of action based on negligence is actual loss or damage."  Lehman Bros. Holdings Inc. v. Phillips, 569 F. App'x 814, 817 (11th Cir. 2014) (citing to Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla. 2003)).  Plaintiff's amended complaint alleged that Plaintiff was damaged "[b]y the end of 2015."  ECF No. 24 at 6.

The statute of limitations for negligence claims accruing prior to March 24, 2023, is four years.[7]  ECF No. 28 at 9; FLA. STAT. § 95.11(5)(a).  Plaintiff's negligence claims are, thus, barred unless saved by the delayed discovery rule.  He contends it applies, *see* ECF No. 35 at 7-9, but Plaintiff does not address Defendant's citation of R.R. v. New Life Cmty. Church of CMA, Inc., 303 So. 3d 916, 925 (Fla. 2020), a Florida Supreme Court case which "decline[d] to extend the delayed discovery rule of Hearndon to petitioners' negligence and respondeat superior claims").  The law in Florida is that Plaintiff's negligence based claims do not qualify for the

---

[7] In 2023, the Florida legislature passed a tort reform law (HB 837) that reduced the statute of limitations to two years for an "action founded on negligence."  FLA. STAT. § 95.11(5)(a).  The change effects claims which accrued after March 24, 2023.

delayed discovery rule. "Under current Florida law, the delayed discovery rule does not apply to general negligence claims—the delayed discovery rule only applies to professional negligence claims . . . ." Carrington Cap. Mgmt., LLC v. Carr, No. 2:15-CV-14191H, 2015 WL 6865750, at *3 (S.D. Fla. Nov. 9, 2015); *see also* Cole v. Westgate Resorts, Ltd., No. 6:24-CV-01852-PGB-LHP, 2025 WL 2443625, at *3 (M.D. Fla. Aug. 24, 2025) (holding that claims for negligent and fraudulent misrepresentation are subject to a four-year statute of limitation and relying on the R.R. v. New Life Cmty. Church decision to reject plaintiffs' arguments for application of the delayed discovery rule as "unavailing"); Raie v. Cheminova, Inc., 336 F.3d 1278, 1280-81 (11th Cir. 2003) (noting the "delayed discovery rule was codified by the Florida legislature in 1999" and is limited to claims for "fraud, products liability, professional and medical malpractice, and intentional torts based on abuse"); Falcon v. Bank of Am., N.A., No. 1:21-CV-24250, 2022 WL 6745443, at *3-4 (S.D. Fla. Aug. 19, 2022) (holding that "the delayed discovery doctrine does not apply to the negligence, conversion, and breach of fiduciary duty claims alleged against Defendant" and noting the "delayed discovery doctrine is limited to certain causes of action delineated by statute and to the specific circumstances at

issue in the Hearndon case — an intentional tort brought against an alleged perpetrator of childhood sexual abuse where the victim suffers from traumatic amnesia"); Doe v. G-Star Sch. of the Arts, Inc., No. 16-cv-80446, 2017 WL 2212429, at *12–13 (S.D. Fla. May 19, 2017) (holding that the delayed discovery doctrine is not applicable to causes of action alleging ordinary negligence).  Plaintiff's claims accrued in 2015 when he suffered injury, not when he ultimately discovered in further detail how the injury was facilitated by his son and others involved in the criminal conspiracy. Falcon, 2022 WL 6745443, at *4 (holding that the statute of limitations for claims of negligence, conversion, or breach of fiduciary duty "began to run when Plaintiffs' suffered damages" and stating the "delayed discovery doctrine does not apply").  The motions to dismiss Counts II and III of the amended complaint should be granted.

Additionally, Defendants present another reason Plaintiff's negligence based claims must fail.  ECF No. 31 at 19-20; ECF No. 28 at 17-18.  The elements of negligence require a plaintiff to "plausibly allege (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach caused the plaintiff damages."  Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1094 (11th Cir. 2017) (citing Fla. Dep't.

of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007)) (quoted in Herrera v. TD Bank, N.A., 682 F. Supp. 3d 1271, 1274 (S.D. Fla. 2023)).  However, Plaintiff did not allege that he was a customer of Wells Fargo.  "Florida, like other jurisdictions, recognizes that as a general matter, 'a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship.' "  Chang, 845 F.3d at 1094 (quoted in Herrera, 682 F. Supp. 3d at 1275).  Because Plaintiff has not shown that he was a customer of the Defendants, they did not owe him a duty of care under these circumstances.  Thus, Plaintiff's negligence based claims as presented in Counts II and III fail as a matter of law.

## C.  Counts IV and V

Plaintiff's Counts IV and V are for intentional mental distress and intentional infliction of emotional distress.  ECF No. 24 at 14.  Defendants again argue that these claims are barred by the statute of limitations.  ECF Nos. 31 at 11; ECF No. 28 at 10-11.  Those claims are subject to Florida's four-year statute of limitations under § 95.11(3)(n).[8]  *See* Ross v.

---

[8] That statute states that actions for "assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort. . . ."  FLA. STAT. § 95.11(3)(n).  A separate provision provides a longer period of time of intentional torts based on abuse.  *See* FLA. STAT. § 95.11(8) ("An action founded on alleged abuse, as defined in s. 39.01 or s. 415.102; incest, as defined in s. 826.04; or

Twenty-Four Collection, Inc., 617 So. 2d 428, 428 (Fla. 3rd DCA 1993)

(finding claims for "intentional infliction of emotional distress, are, as a

matter of law, barred by the four-year statute of limitations for tort claims").

These claims are also not saved by the delayed discovery doctrine.

Spadaro v. City of Miramar, 855 F. Supp. 2d 1317, 1330 (S.D. Fla. 2012)

("it would be improper, as a matter of Florida law, to apply the delayed

discovery doctrine to Caravella's claims for intentional infliction of

emotional distress"); King v. Bencie, No. 8:17-CV-2982-T-02TGW, 2019

WL 630333, at *5 (M.D. Fla. Feb. 14, 2019), aff'd, 806 F. App'x 873 (11th

Cir. 2020) (dismissing intentional infliction of emotional distress claim);

Arrington v. Hausman, No. 16-60532-CIV, 2016 WL 11547505, at *6 (S.D.

Fla. Nov. 21, 2016), report and recommendation adopted, No.

16-60532-CIV, 2017 WL 10775944 (S.D. Fla. Mar. 1, 2017), aff'd, 760 F.

App'x 705 (11th Cir. 2019) (holding that the delayed discovery doctrine did

not apply to plaintiff's claims for Negligent Infliction of Emotional Distress

and Intentional Infliction of Emotional Distress).  The motions to dismiss

---

an action brought pursuant to s. 787.061 may be commenced at any time within 7 years
after the age of majority, or within 4 years after the injured person leaves the
dependency of the abuser, or within 4 years from the time of discovery by the injured
party of both the injury and the causal relationship between the injury and the abuse,
whichever occurs later.").

Counts IV and V should also be granted as Plaintiff alleged he was injured in 2015.

### D. Count VI

The final claim of Plaintiff's amended complaint was for defamation. ECF No. 24 at 15.  He claimed that when his profile was "reported in the national and international banking system," his "banking relationships were destroyed along with his professional reputation."  *Id.*  Defendants advise that the statute of limitations for a defamation action is two years.  ECF No. 28 at 11; ECF No. 31 at 11-12.  Further, they point to Ashraf v. Adventist Health Sys./Sunbelt, Inc., 200 So. 3d 173, 174 (Fla. 5th DCA 2016) which applied the rule that "[t]he statute of limitations begins to run at the time of publication, not when the plaintiff discovers the alleged defamatory material."  ECF No. 28 at 11.  *See also* Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So.2d 113, 114 (Fla.1993) (holding that a "cause of action for defamation accrues on publication" and citing to FLA. STAT. § 770.07).  Plaintiff's amended complaint suggests that his damage was a result of the reporting and he alleged he was damaged in 2015.  Thus, a defamation claim based on those facts must have been filed by 2017.  This case was not filed until

Defendant- 2024.  It is not saved by the delayed discovery doctrine.  <u>Hollis</u>
<u>v. W. Acad. Charter, Inc.</u>, 782 F. App'x 951, 953 (11th Cir. 2019) ("The
doctrine is inapplicable to actions for defamation").  The motions to dismiss
Count VI should also be granted because the claim is barred by the statute
of limitations.

**Respondeat Superior**

As noted above, Plaintiff's claims are asserted against the
Defendants on a theory of "Respondeat Superior" liability.  ECF No. 24 at
3.  Plaintiff alleged that representatives of the Defendants - Benjamin
Rafael and Francesco Traina - committed acts of identity theft by using his
profile. *Id.* at 10.  Defendants have argued that they cannot be held liable
for the actions of those persons.  ECF No. 28 at 15.

"Under the doctrine of respondeat superior, an employer cannot be
held liable for the tortious or criminal acts of an employee, unless the acts
were committed during the course of the employment and to further a
purpose or interest, however excessive or misguided, of the employer."
<u>Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.</u>, 783 So.2d 353, 356 (Fla.
3d DCA 2001) (quoted in <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260,
1271 (11th Cir. 2009)).  "Under Florida law, an action falls within the scope

of employment if the conduct: (1) is of the kind the employee was employed to perform; (2) occurred within the time and space limits of the employee's employment; and (3) was activated at least in part by a purpose to serve the employment."  United Techs. Corp., 556 F.3d at 1271 (citing Spencer v. Assurance Co. of Am., 39 F.3d 1146, 1150 (11th Cir. 1994), and Iglesia Cristiana, 783 So.2d at 357).  Defendants are correct that Plaintiff's amended complaint failed to provide allegations which reveal that the actions of Rafael and Traina were within the scope of their employment.  Plaintiff provided no information as to when and where the activities occurred; instead, he presented only conclusory allegations.  Further, Plaintiff provided no facts to demonstrate the actions were to serve the employment.  Defendants cannot be held liable on a basis of respondeat superior.

**Standing**

Another argument raised in this case is that Plaintiff's alleged injuries stem from the use of his "professional profile."  ECF No. 31 at 14.  That profile concerns Plaintiff's company, "Pawnee Properties, LLC."  He claimed that after his banking relationships were severed, the developmental project ("Legacy Hills Project") was terminated "and the

project awarded to another firm." ECF No. 24 at 8. Defendants have argued that Plaintiff McConley cannot sue on behalf of his company. ECF No. 31 at 14-15.

The general rule is that a company and a corporation is an "artificial entity that can act only through agents," and thus, the entity "must be represented by counsel.'" Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (quoted in J.J. Rissell, Allentown, PA Tr. v. Marchelos, 976 F.3d 1233, 1235 (11th Cir. 2020)). "Section 1654 authorizes parties in federal cases to 'plead and conduct their own cases personally or by counsel.'" 28 U.S.C. § 1654 (quoted in Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) (holding that Franklin, as a non-lawyer, could not proceed pro se on behalf of an estate, even though she was administratrix of the estate)). However, the right to appear pro se "is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." Franklin, 462 F. App'x at 930 (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds, Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S. Ct. 1994, 2006-07, 167 L. Ed. 2d 904 (2007)); See Golden Gate Homes, LC v. Levey, 59 So. 3d 275 (Fla. 3d DCA 2011)

(holding an LLC must be represented by counsel in litigation) (cited in

Aktan v. Gotham Collection Servs. Corp., 305 So. 3d 632, 633 (Fla. 3d

DCA 2020)).  Because there is no indication that Plaintiff McConley is an

attorney,  he cannot represent his company: Pawnee Properties, LLC.  The

harm from loss of a contract was directly suffered by the LLC, not the

Plaintiff individually.  Any claim based on harm suffered by Pawnee

Properties, LLC, must be asserted by that entity through appropriately

retained counsel, if there is a basis to do so that is not barred by the statute

of limitations.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motions to dismiss, ECF

Nos. 28 and 31, be **GRANTED** and all claims raised in Plaintiff's amended

complaint, ECF No. 24, be **DISMISSED** as barred by the statute of

limitations.

**IN CHAMBERS** at Tallahassee, Florida, on October 15, 2025.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


Case No. 4:24cv484-MW-MAF

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**